UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SABATO CONTE, MICHAEL MURPHY, :
YAMIRA WONG, ANTHONY LARDO, and :
MATTHEW IAROCCI, on behalf of themselves :
and others similarly situated, :
                                         Plaintiffs, :
                    -against- :
                                              :
METROPOLITAN TRANSPORTATION :
AUTHORITY AND TRIBOROUGH BRIDGE :
AND TUNNEL AUTHORITY, :
                                         Defendants. :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/4/22__

21-CV-2516 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiffs Sabato Conte, Michael Murphy, Yamira Wong, Anthony Lardo, and Matthew Iarocci, Bridge and Tunnel Maintainers and Custodians for the Metropolitan Transporation Authority ("MTA") and Triborough Bridge and Tunnel Authority ("TBTA"), have sued their employers for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Compl., Dkt. 1 ¶¶ 1, 12–16.[1] Plaintiffs move for conditional certification of a collective pursuant to section 216(b) of the FLSA, as well as expedited disclosure of contact information, Court-facilitated notice to similarly situated potential members of the collective, and equitable tolling of the statute of limitations. *See* Not. of Mot., Dkt. 52; Pls. Mem., Dkt. 53 at 1. Defendants do not oppose the motion, and in fact have agreed to both the proposed forms of notice and to extend an existing agreement tolling the statute of limitations. Joint Letter, Dkt. 74. For the following reasons, Plaintiffs' motion is GRANTED.

---

[1]      In addition to the named Plaintiffs, 99 other individuals have joined the case as opt-in Plaintiffs, nine of whom filed declarations in support of the instant motion. *See* Nots. of Filing Consent to Join, Dkts. 9–10, 12–13, 15–18, 28–32, 36–37, 41–42, 45, 47, 49, 51, 69; Treibman Decl., Dkt. 60; McCann Decl., Decl. 61; Charles Decl., Dkt. 62; Argento Decl., Dkt. 63; Georges Decl., Dkt. 64; Lebron Decl., Dkt. 65; Macaulay Decl., Dkt. 66; Ranzie Decl., Dkt. 67; Ross Decl., Dkt. 68.

1

## BACKGROUND

Plaintiffs are Bridge and Tunnel Maintainers and Custodians for the MTA.  Compl. ¶¶ 12–16.  Maintainers are responsible for, among other things, the maintenance and operation of the MTA's facilities and equipment, including bridges and tunnels; Custodians generally perform janitorial and custodial tasks at MTA facilities.  *Id.* ¶¶ 34–35; Pls. Mem. at 2–3.  Although Maintainers and Custodians are scheduled to work a total of either 40 or 48 hours per week, Pls. Mem. at 4 (citations omitted), Plaintiffs allege that they have routinely worked more than their regularly scheduled hours without proper compensation, in part as a result of a uniform time-keeping system, *id.* at 4–11.  In addition to unpaid overtime, they also allege late payments, payments based on improper wage rates, and failure to evaluate overtime on a weekly basis as required under the FLSA.  *Id.*

Plaintiffs filed suit on March 23, 2021, *see* Dkt. 1, and after a failed attempt at mediation, *see* Letter, Dkt. 50, moved for conditional certification of a collective.  Not. of Mot., Dkt. 52.  Defendants do not oppose the motion.  Joint Letter, Dkt. 74.

## DISCUSSION

### I.     Legal Principles

The FLSA permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether to certify a collective action, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to them.  *Id.* at 555.  To meet this burden, the plaintiff need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common

2

policy or plan that violated the law.'" *Id.* (citations omitted). Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "'unsupported assertions,'" *Myers*, 624 F.3d at 555 (citation omitted). Courts nonetheless employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted) (emphasis in original). Courts do not examine "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to an illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis in original). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## II. Plaintiffs Meet the Notice-Stage Burden

Plaintiffs offer sufficient evidence to certify conditionally a collective of former and current Maintainers and Custodians employed by Defendants from March 23, 2018 until the present. In their sworn affidavits,[2] named and opt-in Plaintiffs indicate that they are paid bi-

---

[2] In total, Plaintiffs submitted 14 affidavits from named Plaintiffs and opt-in Plaintiffs in support of their motion. *See supra* n. 1; *see also* Conte Decl., Dkt. 55; Murphy Decl., Dkt. 56; Wong Decl., Dkt. 57; Lardo Decl., Dkt. 58; Iarocci Decl., Dkt. 59. Courts, however, need not rely on the numerosity of affidavits submitted, and

3

weekly for workweeks of 40 or 48 hours per week, and all use the system Kronos to record their working time. Pls. Mem. at 4–8. They allege that Kronos, the time-management system that determines the wages they receive, does not allow them to incorporate pre-shift work into their hours regardless of when they clock in. *Id.* at 6. Additionally, Kronos does not round time in their favor because of a uniform seven-minute policy that forbids them from clocking in more than seven minutes before the start of their shifts; Kronos also rounds clock-in times down to the scheduled shift start time. *Id.* at 6–7 (citations omitted). In addition to allegedly failing to pay overtime due to this system, Defendants also allegedly fail to calculate overtime based on the differential rate of pay for certain kinds of compensation required under a collective bargaining agreement, fail to calculate overtime based on each discrete workweek as required under the FLSA, and fail to pay wages on time. *Id.* at 8–11. The affidavits submitted allege almost identical facts to this effect. *Id.* at 2.

Taken together, these facts support an inference of "a common policy or plan that violated the law" for the purposes of the "modest factual showing" required at this stage. *Myers*, 624 F.3d at 555. The Court is persuaded that Plaintiffs, opt-in Plaintiffs, and other members of the putative collective are similarly situated. *Id.* As a result, their motion to certify a collective is granted.

### III.  Prompt Notice Is Merited And Plaintiffs' Proposed Notice Is Appropriate

Plaintiffs also request the expedited disclosure of contact information to send notice of this action to all potential opt-in plaintiffs and the Court's authorization of its proposed notices via mail, email, and text. Pls. Mem. at 19–22; Joint Letter, Exs. A–C. Defendants have already consented to providing Plaintiffs' counsel with the contact information (including names,

---

routinely rely on the observations of one plaintiff's affidavit in support of the factual showing necessary for certification. *Traveras v. LSTD, LLC*, No. 18-CV-903, 2018 WL 4103493, at *2 (S.D.N.Y. Aug. 28, 2018).

addresses, email addresses, and telephone numbers) and dates of employment for all potential members of the collective.  Joint Letter, Dkt. 74.  Had they not consented, the Court would have granted this request.  *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action.") (quoting *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016)).  The Court finds that the parties' proposed notices via mail, email, and text message are appropriate for notice purposes.  *Douglas v. Anthem Prods., LLC*, 18-CV-5789, 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2, 2019).

## IV.     Tolling of the Statute of Limitations

Plaintiffs originally requested in their motion that the Court equitably toll the FLSA's statute of limitations for potential members of the collective while Plaintiffs attempt to effect notice.  Pls. Mem. at 22–25.  Since that request, Defendants have consented to extend an existing tolling agreement.  Joint Letter, Dkt. 74.  As a result, the equitable tolling issue is moot, and the Court need not address it here.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted.  The Clerk is respectfully directed to close the open motion at Docket Entry 52.

**SO ORDERED.**

**Date:  January 4, 2022**
**          New York, New York**                                              _____
                                                                                                    **VALERIE CAPRONI**
                                                                                                    **United States District Judge**